UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

Case No. 12-20237
HON AVERN COHN

GREGORY JOSEPH BIEMANS,

    Defendant.

_____/

## MEMORANDUM ON SENTENCING

I.

On February 05, 2013, the Court sentenced defendant to a custodial term of thirty (30) months, followed by five (5) years of supervised release, and a $100.00 Special Assessment. The sentencing was followed by remarks from the bench. The following is a revised statement of those remarks.

II.

Defendant was before the Court for sentencing on his plea of guilty to a violation of 18 USC §2423(b), which makes it a crime to travel into the United States for purposes of engaging in any illicit sexual conduct with another person. In defendant's words:

> I entered the country on March 9 of this year [2012] with the intention of having sexual intercourse with a 16 year old from Chicago, Illinois. I knew she was under 18. I knew her age was 16.

Also at the hearing defendant acknowledged that on November 10, 2011 he entered the United States, and that after his entry he engaged in sexual intercourse with the same 16 year old in Chicago.

Defendant and the 16 year old wrote internet exchanges for approximately six (6) months of a sexual nature, and each sent the other salacious pictures of themselves.

Prior to sentencing, the Court received and read the Rule 11 Plea Agreement, the Presentence Investigation Report, sentencing memoranda from the parties, letters from relatives of the defendant, a Psychological Examination and Risk Assessment Report, letters from the defendant, and a letter from the father of the 16 year old.  The father also addressed the Court prior to sentencing.

The Rule 11 Plea Agreement and the Presentence Investigation Report recommended an offense level under the guidelines of 25, and a criminal history of I. This calls for a sentencing range of 57-71 months.  The base offense level was 24. There was a two-level increase for use of a computer, and a two-level increase because a  sexual act was involved.  There was a three-level reduction in the offense level for acceptance of responsibility.

Without the two (2) enhancements, the offense level is 21.  This offense level with a criminal history of I, together with a three-level reduction for acceptance of responsibility calls for a sentencing range of 37-46 months.

Objections to the Presentence Report were resolved.

The 18 USC §3553 factors were discussed in the Presentence Report at ¶¶75 to 83.  These paragraphs are attached.

The Presentence Investigation Report recommended a sentence of 30 months, and stated as justification the following:

> It is the Probation Department's position that a custodial sentence is needed to deter the defendant and others from becoming involved in similar criminal conduct.  However, a sentence within the advisory guideline range of 57 to 71 months seems greater than necessary to comply with the factors of 18 USC §3553(a).  Therefore, the Probation Department recommends a sentence of 30 months' custody.  This sentence appears to be adequate in promoting respect for the law and should be a deterrent for recidivism.

The Court at sentencing committed the defendant to the custody of the Bureau of Prisons for a term of 30 months, followed by five years of supervised release under the standard conditions of this district.  Defendant also paid a special assessment of $100.00.

The Court waived the imposition of a fine, costs of incarceration, and costs of supervision due to the defendant's lack of financial resources.  The mandatory drug testing condition was suspended since the defendant posed a low risk of substance abuse.  The defendant was directed to abide by the standard terms and conditions of supervised release as adopted by this district.  The following special conditions were imposed:

- Compliance with sex offender registration requirements of state and federal law

- No association with children under the age of eighteen (18)

- Not in any manner or form to associate with the victim.

III.

While the sentence imposed reflects a variance from the applicable guideline range, the Court is satisfied that it is sufficient, but not greater than necessary, to satisfy the purpose of sentencing -- just punishment, deterrence, protection of the public and rehabilitation of the defendant.

As the probation officer put it, a 57-71 month range "seems greater than necessary to comply with the factors of 18 USC §3553(a)."  Also:

- this is defendant's first offense
- defendant is highly unlikely ever again to commit such an offense
- defendant has had mental health issues in the past
- the defendant will be deported after completion of his sentence
- as a registered sex offender, defendant will not be allowed to enter the United States ever again
- defendant has acknowledged the wrongfulness of his conduct


    S/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated:  February 20, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 20, 2013, by electronic and/or ordinary mail.

    S/Sakne Chami  
Case Manager, (313) 234-5160